MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:   (310) 271-9805
E-mail:       michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
Law Offices of Brian D. Witzer, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAW OFFICES OF BRIAN D. WITZER, INC.,<br><br>　　　Debtor and Debtor-in-Possession. | CASE NO.: 2:21-bk-12517-NB<br><br>Chapter 11<br><br>**DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF**<br><br>**[LBR 2081-1 and LBR 9075]**<br><br>Hearing Scheduled For:<br>Date:　March 31, 2021<br>Time:　2:00 p.m.<br>Place:　Courtroom 1545 **Via ZoomGov** |

**TO THE HONORABLE NEIL W. BASON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA, THE OFFICE OF THE UNITED STATES TRUSTEE, TO THE SECURED CREDITORS, TO THE**

1
DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

**TWENTY LARGEST UNSECURED CREDITORS, AND TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

The Law Offices of Brian D. Witzer, the Debtor and Debtor-in-Possession ("Debtor"), will and hereby does move this Court on an emergency basis for an order authorizing it to issue its payment of wages and related expenses for the payroll period of March 15, 2021 through March 28, 2021 (the "Motion").

Debtor hereby moves the Court for a further order granting the following relief:

A. Authorizing the Debtor to pay pre-petition workers wages and related taxes, (collectively, "Employees' Compensation"); and

B. Such further relief as the Court deems just and proper.

This Motion is made on the basis of the Motion, the Declaration of Brian Witzer, the memorandum of points and authorities, and on such other evidence as the Court elects to consider prior to or at the hearing on this matter.

**WHEREFORE**, the Debtor prays that the Court enter an order granting the relief requested above, and such additional relief as the Court deems just and proper.

Dated: 3/30/2021　　　　　LAW OFFICES OF MICHAEL JAY BERGER

By: /s/Michael Jay Berger
　　Michael Jay Berger
　　*Proposed* Counsel for Debtor and Debtor-in-Possession, Law Offices of Brian D. Witzer, Inc.

## MEMORDANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Law Offices of Brian D. Witzer ("Debtor" or the "Firm") pays the payroll obligations to its eleven (11) employees on a bi-weekly basis. The next payday is April 2, 2021. Excluding the sole insider, Brian Witzer, the total sum to be paid to the ten (10) employees is $17,218.21. Attached to the Declaration of Brian D. Witzer (the "Witzer Decl.") is a spreadsheet of all of the Debtor's employees and the outstanding prepetition wages owed for the payroll period of March 15, 2021 through March 28, 2021. In order to maintain employees' morale, prevent employees from quitting, and facilitate a successful reorganization, the Debtor recognizes the need to be able to pay the employees' compensation and pre-petition expense reimbursement requests, if any. The Debtor believes that failure to timely pay its employees' compensation and pre-petition expense reimbursement requests, if any, will adversely affect its ability to retain its employees and to operate its business, and thereby frustrate its efforts to reorganize.

Thus, without this Court's granting its approval of this Motion, the Debtor will lack authority to make any payments to the workers for Employees' Compensation, which was earned and accrued pre-petition by the Employees. Procedural authorization for an emergency hearing on the Motion is found in Local Bankruptcy Rules 9075 and 2081-1. The Debtor respectfully submits that, on the facts of this case, emergency relief is both necessary and appropriate such that the Debtors' employees can get compensated for the work done pre-petition.

By this Motion, Debtor seeks authority for payment of the Employees' Compensation on the following terms and conditions:

1. Debtor will pay the Employees' Compensation only to the extent of the $13,650.00 priority limit per employee provided by Sections 507(a)(4) and 104 of the Bankruptcy Code. An estimate of such wage claims is attached as **Exhibit "1"** to the Witzer Declaration.

2. The Employees' Compensation will be paid to only Employees who continue to be employed by Debtor as of the date of the hearing on this Motion.

Debtor believes that paying the Employees' Compensation as described hereinabove is necessary to protect and preserve Debtor's business and will not impair the rights of any creditors in the case.

## II. GENERAL BACKGROUND FACTS

### A. General Description of the Debtor

The Law Offices of Brian D. Witzer was started in 1989 after Mr. Witzer concluded 12 years in both the public and private litigation sector. *See* the Declaration of Brian D. Witzer (the "Witzer Decl."), ¶ 4. The Firm is known for groundbreaking work in multi-party pharmaceutical litigation, toxic mold exposure, traumatic brain injury cases arising from a myriad of precipitating causes, sexual assault matters, and complex catastrophic injury cases. *Id.* Since the Firm's inception, Mr. Witzer has brought over 100+ cases to trial winning over one billion dollars in gross settlements. *Id.*

### B. Events Precipitating the Chapter 11 Bankruptcy Filing

The event that precipitated the filing of Debtor's Chapter 11 bankruptcy case was the Order Denying Debtor's Motion to Vacate the Judgment entered in favor of Pravati Credit Fund III LP ("Pravati"). *See* the Witzer Decl., ¶ 5.

On November 22, 2019, Pravati Credit Fund III LP ("Pravati") filed an action against Debtor and its principal Brain D. Witzer in the Superior Court of California, County of Los Angeles, case number 19SMCV02046 for their alleged breaches of a nonrecourse advance agreement ("Agreement") to fund Debtor's litigation activities (the "State Court Action"). *See* the Witzer Decl., ¶ 6. Prior to commencing the State Court Action, the parties had arbitrated the matter in Arizona, per the terms of the Agreement's arbitration clause. *See* the Witzer Decl., ¶ 7. The arbitration panel found in Pravati's favor, finding that Pravati was entitled to recover $7,981,502.22 from Debtor and Mr. Witzer. *Id.*

On November 30, 2020, the court in the State Court Action granted Pravati's Petition to Confirm the Arbitration Award, and, on December 21, 2020, the judgment was entered (the "Judgment"). *See* the Witzer Decl., ¶ 8. Pravati served a Notice of Entry of Judgment that same day. *Id.* On December 29, 2020, Pravati recorded the Notice of Entry of Judgment with the California Secretary of State. *Id.*

On January 4, 2021, Debtor filed a Motion to Vacate the Judgment pursuant to Code of Civil Procedure § 663 (the "Motion to Vacate"). *See* the Witzer Decl., ¶ 9. On March 4, 2021, the court issued an Order Denying Debtor's Motion to Vacate. *Id.*

### C. Prospects of Reorganization

Debtor is confident that it can enter into plan treatment stipulations with its creditors. Debtor's proposed counsel has already commenced settlement discussions with Pravati. *See* the Witzer Decl., ¶ 10. Debtor is optimistic about the prospects of its reorganizational efforts. *Id.* Without question, the Covid-19 pandemic has negatively impacted the country's economy and devastated certain sectors of the economy. Debtor's operations have been impacted by the pandemic as well. *See* the Witzer Decl., ¶ 11. However, now that trials have resumed, Mr. Witzer has already begun the first of four trials this year thus far. *See* the Witzer Decl., ¶ 11. The Trejo v. Johnson & Johnson case, which resulted in a $48.2 million verdict in 2011, will certainly be going to proceed to retrial this year as the long cause package was recently submitted to the Court. Debtor is also currently engaged in a month-long trial in the Superior Court of California and continues to sign clients up. *Id.* Debtor intends to use the income it generates from its operations to propose a feasible Plan of Reorganization. *Id.*

### III. ARGUMENT

#### A. This Court Is Authorized To Allow The Debtor To Pay The Employee Compensation

Section 105(a) of the United States Bankruptcy Code empowers the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the

Bankruptcy Code. 11 U.S.C. §105. The basic purpose of Section 105(a) is "to enable the court to do whatever is necessary to aid in its jurisdiction, in anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy ¶ 105.02 at 105-4 (15th ed. 1988). Essentially, Section 105(a) codifies the bankruptcy court's inherent equitable powers. *See, In re Feit & Drexler, Inc.*, 760 F.2d 406 (2d Cir. 1985).

> Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, as follows:
> (a) The following expenses and claims have priority in the following order:…
> (4) Fourth, allowed unsecured claims, but only to the extent of $12,475 [now $13,650.00] for each individual … earned within 180 days before the date of the filing of the petition … for--
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;

11 U.S.C. § 507(a)(3).

As set forth above, Section 507(a)(4) affords priority status to unsecured claims for wages, salaries or commissions, including vacation, severance, and sick leave pay earned by an individual within 180 days before the filing of a bankruptcy petition to the extent of $13,650.00 for each such individual.

Bankruptcy courts have authorized debtors to pay pre-petition priority wage claims as a means of allowing debtors to maintain their work force and thereby preserve the debtor's ability to operate in the ordinary course, without the disruption of employee defections.

> "In the early days of this case, the court entered orders permitting the post- petition payment of certain pre-petition wage and wage-related claims. As is often the case in operating Chapter 11 cases, the court did this for two reasons. First, it was necessary that Braniff pay its employees for work performed pre-petition if the employees were to remain on the job post- petition. The filing of a bankruptcy case presents many uncertainties for employees. If their pay is interrupted, employees are obviously not going to remain on the job despite the fact that their continuation in place is vitally important for the debtor.
> Second, in any event, the pre-petition wages are subject to the priority of Section 507(a)(3). Thus, in all but the direst of circumstances, the debtor will ultimately pay the pre-petition wages because of their very high priority. Accordingly, the court authorizes their payment early in the case rather than requiring that the employees wait for payment at the end of the case."

*In re Braniff, Inc.*, 218 B.R. 628, 633 (Bankr.M.D.Fla. 1998). *See also Columbia Gas*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994); *In re Lehigh & New England Ry. Co.*, 657 F. 2d 570, 581 (3rd Cir. 1981); *Ionosphere Club*, 98 B.R. 175 (Bankr. S.D.N.Y. 1989). *In re Structurlite Plastics Corp.*, (*Structurlite I*) 86 Bankr. 922, 932 (Bankr. S.D. Ohio 1988), citing *In re Chateaugay Corp.*, 80 Bankr. 279, 287 (S.D.N.Y. 1987); *See also In re Columbia Packing Co.*, 35 Bankr. 447 (Bankr. D. Mass. 1983).

> "Because wages are priority claims, courts have often permitted debtors to pay prepetition wage claims in the ordinary course in response to a motion filed by a debtor in possession at the commencement of a chapter 11 case. The ability to ensure that the employees receive their unpaid prepetition salary and do not miss a paycheck is critical to obtaining the stability necessary for the transition to operating as a debtor in possession."

Collier on Bankruptcy - 15th ed. Revised, ¶ 507.05[1] (2000).

The authority to make such payments was recognized by the Ninth Circuit in *In re Adams Apple, Inc.*, 829 F.2d 1484 (9th Cir. 1987):

> "[A]nother "fundamental tenet"--rehabilitation of debtors, which may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts. *See* Ordin, Case Comment, *In re Texlon Corporation*, 596 F.2d 1092 (2d Cir.1979): Finality of Order of Bankruptcy Court, 54 Amer.Bankr.L.J. 173, 177 (1980). ... [I]t illustrates a Congressional willingness to subordinate the interests of pre-petition creditors to the goal of rehabilitation."

*Adams Apple*, 829 F.2d at 1490.

In this case, without an order of this Court authorizing the Debtor to pay the pre-petition Employees' Compensation, there will be a severe risk that employees will leave the Debtor (to the extent the Debtor demanded reimbursement of the Prepetition Payroll), thereby jeopardizing the Debtor's ability to maintain its operations and reorganize its financial affairs.

### B. Debtor's Relief is Justified on LBR 9075-1(a) and LBR 2081-1

"[11:391] **PRACTICE POINTERS:** Critical Workers may leave unless they are paid on a regular basis. Thus, unless the motion is promptly filed and granted, the DIP's continued operations may be at risk. Consider the following:

• ***Coordinate petition filing with payroll due date:*** Time commencement of the bankruptcy case so that it is filed immediately after the workers are paid their weekly/biweekly wages. Or, have the debtor issue a special payroll so that all prepetition wages are paid on the filing date.

• ***Request prepetition payroll checks to be honored by banks post-petition:*** Where workers were paid prepetition wages by prepetition checks that have not been cashed by the time the case is filed, move the court for an order that the DIP's bank may honor the checks *postpetition*."

Cal. Prac. Guide Bankruptcy Ch. 11-B.

Furthermore, pursuant to Local Bankruptcy Rule 2081-1(a)(6), the Motion must be supported by evidence that establishes: (A) The employees are still employed; (B) The necessity for payment; (C) The benefit of the procedures; (D) The prospect of reorganization; (E) Whether the employees are insiders; (F) Whether the employees' claim are within the limits established by 11 U.S.C. § 507; and (G) The payment will not render the estate administratively insolvent. *Id.* Debtor addresses each of these factors if not previously discussed above.

(a) **Employees are Still Employed**

All the employees that are identified on Exhibit "1" are still employed with the Debtor. *See* the Witzer Decl., ¶ 12.

(b) **The Necessity of the Payment and (c) The Benefit of the Procedures**

As the Witzer Declaration establishes, Debtor depends on its staff to carry on the day-to-day operations of the Debtor who in turn rely on the Debtor to support themselves and/or their families and are unlikely to continue working for the Debtor, if not paid. The Debtor's business is run, managed, and operated by ten employees at the present time. *See* the Witzer Decl., ¶ 15. These employees help with retaining and maintaining the firm's clients, which, include, but are not limited to doing the following, returning client's messages, keeping clients informed about the status of their cases, responding to insurance companies' inquiries, responding to opposing counsel's messages, diligently prosecuting their clients' claims, appearing on behalf of their clients in court, just to name a few. *See* the Witzer Decl., ¶ 15. These employees are the heartbeat of the Debtor. *Id.* Without them, the Debtor cannot operate. *Id.*

It is the Debtor's opinion that payment of pre-petition wages is necessary to enable the workers to pay their personal living expenses, and to retain their goodwill and prospective services. In contrast, if such wages are not immediately paid (or to the extent the Debtor demanded reimbursement of the Prepetition Payroll from its employees), the Debtor believes that some of the Workers will terminate their employment with the Debtor and seek other employment opportunities. If this occurs, revenue levels will decline precipitously, especially if the Debtor's employees quit, reducing the value of the estate's assets and impairing the rights of creditors. In contrast, if immediate relief is granted as prayed herein asset values will be preserved. Under these circumstances, granting relief on an emergency basis is both necessary and appropriate.

**(d) Prospects of Reorganization**

The Prospect of Reorganization of this Debtor are set forth above and in the supporting Witzer Declaration and are not repeated here for the sake of economy but are instead incorporated by reference as if set forth in full. *See* the Witzer Decl., ¶¶ 10 and 11.

**(e) Whether The Employees Are Insiders**

Brian D. Witzer is the sole insider of the Debtor. *See* the Witzer Decl., ¶ 12. None of the other employees identified on **Exhibit "1"** are insiders. *Id.* As insiders, Mr. Witzer will follow the compensation guidelines under Local Bankruptcy Rule 2014-1(a)(3). *See* the Witzer Decl., ¶ 12.

**(f) Whether the Employees' Claims are Within the Limits Established by 11 U.S.C. § 507**

As outlined in Exhibit "1", and attached hereto, each and every employee's claims are below the limits established by 11 U.S.C. § 507 *See* the Witzer Decl., ¶ 12 and **Exhibit "1"** attached hereto.

**(g) The Payment Will Not Render The Estate Administratively Insolvent.**

Debtor will have sufficient funds on hand to pay its employees. *See* the Witzer Decl., ¶ 13. Debtor's general bank account has a balance of $417,235.90. *Id*. *See also* **Exhibit "2"** for a true and correct copy of a screenshot of Debtor's general bank accounts.

### IV. CONCLUSION

Based upon the foregoing, Debtor respectfully requests that the Court grant the relief prayed for herein.

Dated: 3/30/2021                LAW OFFICES OF MICHAEL JAY BERGER

By:  /s/Michael Jay Berger
     Michael Jay Berger
     *Proposed* Counsel for Debtor and Debtor-in-Possession, Law Offices of Brian D. Witzer, Inc.

## DECLARATION OF BRIAN D. WITZER

I, Brian D. Witzer, declare and state as follows:

1. I am the founder and owner of The Law Offices of Brian D. Witzer, Inc., the debtor and debtor-in-possession in the above-captioned matter (the "Debtor" or the "Firm"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. I make this declaration in support of Debtor's Emergency Motion for Order Authorizing Payment of Wages and Related Expenses (the "Motion").

3. On March 29, 2021, the Debtor filed its Chapter 11 bankruptcy petition. This is the Debtor's first voluntary bankruptcy petition filing.

4. I founded the Firm in 1989 after I concluded 12 years in both the public and private litigation sector. The Firm is known for or groundbreaking work in multi-party pharmaceutical litigation, toxic mold exposure, traumatic brain injury cases arising from a myriad of precipitating causes, sexual assault matters, and complex catastrophic injury cases. Since the Firm's inception, I have brought over 100+ cases to trial winning over one billion dollars in gross settlements.

5. The event that precipitated the filing of Debtor's Chapter 11 bankruptcy case was the Order Denying Debtor's Motion to Vacate the Judgment entered in favor of Pravati Credit Fund III LP ("Pravati").

6. On November 22, 2019, Pravati filed an action against Debtor and myself in the Superior Court of California, County of Los Angeles, case number 19SMCV02046 for their alleged breaches of nonrecourse advance agreement ("Agreement") to fund Debtor's litigation activities (the "State Court Action").

7. Prior to commencing the State Court Action, the parties had arbitrated the matter in Arizona, per the terms of the Agreement's arbitration clause. The arbitrator panel found in Pravati's favor, finding that Pravati was entitled to recover $7,981,502.22 from Debtor and myself.

8. On November 30, 2020, the court in the State Court Action granted Pravati's Petition to Confirm the Arbitration Award, and, on December 21, 2020, the judgment was entered (the "Judgment"). Pravati served a Notice of Entry of Judgment that same day. On December 29, 2020, Pravati recorded the Notice of Entry of Judgment with the California Secretary of State.

9. On January 4, 2021, I filed a Motion to Vacate the Judgment pursuant to Code of Civil Procedure § 663 (the "Motion to Vacate"). On March 4, 2021, the court issued an Order Denying Debtor's Motion to Vacate.

10. Despite these issues, I am optimistic about the Debtor's reorganizational efforts. I am confident that the Debtor can enter into plan treatment stipulations with its creditors. Debtor's proposed bankruptcy counsel has already commenced settlement discussions with Pravati.

11. Without question, the Covid-19 pandemic has negatively impacted the country's economy and devastated certain sectors of the economy. Debtor's operations have been impacted by the pandemic as well. However, now that trials have resumed, I have already begun the first of four trials this year thus far. The Trejo v. Johnson & Johnson case, which resulted in a $48.2 million verdict in 2011, will certainly be going to proceed to retrial this year as the long cause package was recently submitted to the Court. As stated, I am currently engaged in a month-long trial in the Superior Court of California and I continues to sign clients up on behalf of the Firm. Debtor intends to use the income it generates from its operations to propose a feasible Plan of Reorganization.

12. Debtor pays its payroll obligations in arrears to its ten employees on a bi-weekly basis. The next payday is April 2, 2021. Attached hereto as **Exhibit "1"** is a spreadsheet of all of the Debtor's employees and the outstanding prepetition wages owed for the payroll period of March 15, 2021 through March 28, 2021. All of the employees that are identified on Exhibit "1" are still employed with the Debtor. I am the sole insider of the Debtor. As an insider, I will follow the compensation guidelines under Local Bankruptcy Rule 2014-1(a)(3).

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

13.  Debtor will have sufficient funds on hand to pay its employees. Attached hereto as **Exhibit "2"** is a true and correct copy of a screenshot of Debtor's general bank accounts with a combined balance of $417,235.90.

14.  In order to maintain employees' morale, prevent employees from quitting, and facilitate a successful reorganization, I, on behalf of the Debtor, recognize the need to be able to pay the employees' compensation and pre-petition expense reimbursement requests. It is my firm belief that failure to timely pay Debtor's employees' compensation and pre-petition expense reimbursement requests, if any, will adversely affect Debtor's ability to retain its employees and to operate its business, and thereby frustrate its efforts to reorganize its financial affairs.

15.  Debtor's business is run, managed, and operated by ten employees at the present time. These employees help with retaining and maintaining the firm's clients, which, include, but are not limited to doing the following, returning client's messages, keeping clients informed about the status of their cases, responding to insurance companies' inquiries, responding to opposing counsel's messages, diligently prosecuting their clients' claims, appearing on behalf of their clients in court, just to name a few. These employees are the heartbeat of the Debtor. Without them, the Debtor cannot operate.

16.  Furthermore, without an order of this Court authorizing the Debtor to pay the pre-petition Employees' Compensation, there will be a severe risk that employees will leave the Debtor, thereby jeopardizing the Debtor's ability to maintain its operations and reorganize its financial affairs.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on March 30th, 2020, in Los Angeles, California.

By: _____
Brian D. Witzer
Principal of The Law Offices of Brian D. Witzer, Inc.

# EXHIBIT 1

## LAW OFFICES OF BRIAN WITZER EMPLOYEES' COMPENSATION FOR THE PAYROLL PERIOD: 03/15/2021 to 03/28/2021

Pay Date: 4/2/2021    Debits on: 4/1/2021

| Name | Gross Earnings | Withholdings | Net Pay | Employer Liability | Total Expense |
|---|---|---|---|---|---|
| Canton, Eric | $3,076.92 | $844.20 | $2,232.72 | $235.37 | $3,312.29 |
| Manapol, Michael | $4,423.08 | $1,146.89 | $3,276.19 | $338.38 | $4,761.46 |
| Astrinakis, Alexander | $1,480.00 | $279.03 | $1,200.97 | $113.22 | $1,593.22 |
| Baez, Miguel | $3,076.92 | $272.29 | $2,804.63 | $235.37 | $3,312.29 |
| Davis, Ayjah | $1,400.00 | $156.02 | $1,243.98 | $107.10 | $1,507.10 |
| Grigoryan, Edgar | $1,200.00 | $207.94 | $992.06 | $91.80 | $1,291.80 |
| Nanai, Juanita | $1,320.00 | $180.88 | $1,139.12 | $100.98 | $1,420.98 |
| Robinson, Julia | $1,200.00 | $235.37 | $964.63 | $91.80 | $1,291.80 |
| Stenberg, Austin | $2,400.00 | $613.47 | $1,786.53 | $183.60 | $2,583.60 |
| Thompson, Andrew | $2,000.00 | $422.62 | $1,577.38 | $153.00 | $2,153.00 |
| Witzer, Brian | $3,846.15 | $340.38 | $3,505.77 | $294.23 | $4,140.38 *Insider* |
| | $25,423.07 | $4,699.09 | $20,723.98 | $1,944.85 | $27,367.92 |

↓ insider

# EXHIBIT 2





citi  CitiBusiness ® Online                                    [ Activate Token ⊙ ]

**All Accounts Summary**

[ < Back ]

**Checking Summary as of March 26 2021**

Display Group [ NOT GROUPED ▼ ]

| ▼ Account ▲ | ▼ Start-of-Day Ledger ▲ | ▼ Start-of-Day Available ▲ | ▼ Current Ledger ▲ |
|---|---|---|---|
| ******5719 | 53,601.52 | 53,601.52 | 53,601.52 |

Dashboard
Account Summary
Information Reporting