RICHARD T. BAUM
State Bar No. 80889
11500 West Olympic Boulevard
Suite 400
Los Angeles, California 90064-1525
Tel: (310) 277-2040
Fax: (310) 286-9525

[Proposed] Attorney for Debtor and
Debtor-in-Possession HOPLITE ENTERTAINMENT, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HOPLITE ENTERTAINMENT, INC.,<br><br>Debtor. | No. 2:21-bk-12546 ER<br><br>Chapter 11<br><br>**NOTICE OF APPLICATION AND APPLICATION OF DEBTOR-IN-POSSESSION HOPLITE ENTERTAINMENT, INC.TO APPROVE EMPLOYMENT OF RICHARD T. BAUM AS COUNSEL FOR THE DEBTOR-IN-POSSESSION**<br><br>]No hearing unless requested under LBR 9013-1(o)(4)] |

**PLEASE TAKE NOTICE** that Debtor-in-Possession HOPLITE ENTERTAINMENT, INC.("Debtor") hereby applies for entry of an order under 11 U.S.C. § 327(a) authorizing the employment and retention of Richard T. Baum (“Attorney” or "Baum") as its general bankruptcy counsel, effective as of March 30, 2021 (the "Application"), at the expense of the debtor's estate (the "estate"). Pursuant to Local Bankruptcy Rule 2014-1(b)(3), the Debtor hereby provides the following information regarding the Application:

*1. Identity of professional and the purpose and scope for which he is being employed:*

The professional to be employed is Richard T. Baum. Attached as Exhibit 1 is a copy of the resume for Baum. A Statement of Disinterestedness is filed along with this Application.

This bankruptcy case commenced on March 30, 2021 (the "Petition Date"), when the debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). The Debtor presently serves as Debtor-in-Possession. Attorney will serve as general counsel to provide all legal services required as bankruptcy counsel.

*2. Whether professional seeks compensation pursuant to 11 USC § 328 or 11 USC § 330.*

The Debtor seeks to employ Attorney pursuant to 11 USC § 327. Attorney will seek approval of his compensation and reimbursement of his expenses pursuant to 11 USC § 330 and 331.

*3. Arrangements for compensation.*

The Debtor proposes to compensate Attorney on the following basis, except as the Court may otherwise determine and direct. After appropriate notice and hearing, Attorney will comply with the rules and requirements of the United States Trustee concerning draws on Pre-Petition retainers. A request is made that the court authorize monthly draws upon the advance retainer paid by the Debtor and maintained in trust by Attorney, all in accordance with LBR 2016-1(b) with the use of he Professional Fee Statement described in the US Trustee's Guides. He will serve and file a Professional Fee Statement. If no objection after 10 days, he may withdraw funds on deposit in his trust account to his own use.

Attorney expects that his compensation will be based upon a combination of factors including, without limitation, the customary fees charged to clients who pay Attorneys monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by his work in this bankruptcy case. There is a separate written employment agreement between the Debtor and Attorney. The final amount to be paid will be approved by the court. The source of payment of compensation for Attorney will be from the estate as may be approved and ordered paid by the Court after notice and hearing. A retainer of $20,000 (plus $1,738.00 for the filing fee) was paid to Attorney by one of the Debtor’s members for this case. Of that retainer, $1,395.00 was earned pre-petition.

*4. Name, address and telephone number of person who will provide a copy of the Application upon request*.

A copy may be obtained from RICHARD T. BAUM, by writing him at 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525, or by telephoning him at (310) 277-2040 or by faxing a request to (310) 286-9525, or by emailing him at rickbaum@hotmail.com.

5. *Procedure for Objecting to the Application and/or requesting a hearing*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(0)(1)(A)(ii), any objection must be in writing and request a hearing in the form required by the Local Bankruptcy Rules and be filed and served within fourteen (14) days of the date of mailing of this Notice. The response or opposition to the application shall be filed with the Bankruptcy Court and served on the United States Trustee, at 915 Wilshire Boulevard, Suite 1850, Los Angeles, CA 90017, and proposed counsel for

the Debtor, Richard T. Baum, 11500 West Olympic Boulevard, Suite 400, Los Angeles, CA 90064.

If you fail to file a written response within fourteen days of the date of the service of this notice, the Court may treat such failure as a waiver of your right to oppose the application and may grant the requested relief.

DATED: April 13, 2021

/s/ Richard T. Baum

RICHARD T. BAUM, [Proposed] Attorney for Debtor-in-Possession HOPLITE ENTERTAINMENT, INC.

## APPLICATION

**HOPLITE ENTERTAINMENT, INC.**, the Chapter 11 Debtor-in-Possession (the "Debtor" or "Applicant") hereby applies for entry of an order under 11 U.S.C. § 327(a) authorizing the employment and retention of Richard T. Baum ("Baum" or "Attorney") as its general bankruptcy counsel, effective as of March 30, 2021. In support, the Debtor shows as follows:

A. The Bankruptcv Filing

This bankruptcy case was commenced on March 30, 2021 (the "Petition Date"), when the debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

Applicant is the Debtor-in-Possession for the debtor's estate (the "estate").

B. Factual Background

The Debtor owns a substantial number of television shows and series which it produced and licenses to broadcasters for airing, Starting in 2014, Hoplite Entertainment's business model was to produce content, retain the copyrights and other intellectual property, and license the shows for distribution. It produced, over the years, a catalog of over 200 shows to interest prospective broadcasters offering the ability to pick and choose what was wanted. In 2014 it produced "Stable Wars" which went on to win an Emmy for Lifestyle Programming, and an Emmy for its executive producer Jonathan Smith, the Debtor's principal herein. Starting in about 2015, the Debtor focused most of its attention in the production of unscripted television shows. Smith decided to form an affiliate company, Hoplite, Inc., to continue with unscripted shows and moved Hoplite Entertainment into scripted productions

Income is raised by two basic methods: license fees earned from shows within the company's catalog, and production fees associated with the making of new content. Smith often uses his talents are producer, executive producer and showrunner to get

the production up, running, and ultimately “in the can”, with major rights being retained by the Debtor. This has produced substantial revenues over the years for both categories of income production. However, events changed in 2020.

One of the larger licensees, FCW based in Croatia, faced extreme financial difficulties in 2020 and stopped making the required licensing payments. While it has not filed for bankruptcy or other form of debt adjustment procedures, its likelihood of resuming payment is slim in the foreseeable future. Other licensees have experienced similar financial difficulties. The other major hit caused by the coronavirus pandemic is the shut-down of virtually all film and television production. Most properties have ground to a halt; new productions are virtually unheard of until the last few weeks; any new production is likely to be overseas. Revenue fell badly from over $6-million in 2019 to less than $450,000 in the first six months of 2020.

The Debtor and its affiliate, Hoplite, Inc., took out a loan from Bay Point Advisors based in Atlanta. The loan had a substantial interest rate, and due to income restrictions caused by the response to the pandemic, payment of the loan could not be made. A forbearance agreement was entered into, but when that period ended, Bay Point Advisors filed suit in the United States District Court in Atlanta. A hearing for the pre-judgment appointment of a receiver was held on March 31, 2021 at which time co-defendant Jonathan Smith had filed bankruptcy petitions (2:21-12542 BR). Smith is represented by another counsel, and his case appears to have been filed less than 20 minutes before this one. The District Court respected the stay, and did not enter its order appointing a receiver.

In order to protect the valuable properties, this petition was filed.

C. The Proposed Retention of General Bankruptcy Counsel:

The Debtor determined that it is necessary and appropriate to retain general bankruptcy counsel to assist and advise it with respect to legal issues and various

matters including, without limitation, the following:

(a) Advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Office of the United States Trustee as they pertain to the Debtor;

(b) Advising the Debtor with regard to certain rights and remedies of her bankruptcy estate and the rights, claims and interests of creditors;

(c) Assisting the Debtor in the negotiation, formulation, and preparation of documents necessary for the successful sale of its property, adjustment of any claims, and, if successful, dismissal of the case;

(d) Representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

(e) Conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of Counsel's expertise, is beyond Counsel's staffing abilities or is one in which the Debtor is represented by other special counsel;

(f) Preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

(g) Performing any other services which may be appropriate in connection with Counsel's representation of the Debtor during this bankruptcy case.

Debtor owns distribution rights to various television products from which it has successfully licensed use to broadcasters in the past, and expects to continue to do so.

D. Attorney’s Background and Experience.

Attorney Baum has practiced bankruptcy law for over 40 years. He has

extensive experience in many different bankruptcy settings, and has represented Debtors in many Chapter 7 and Chapter 13 cases. He has extensive experience in adversary proceedings, including preference and fraudulent transfer litigation. He has represented not less than 25 Chapter 11 Debtors at various times since 1984, and was able to obtain confirmation in seven consecutive Chapter 11 cases in the late 1990's and early 2000's. He is able to perform the required legal services. Baum is experienced in debtor/creditor matters both inside and outside the bankruptcy arena, including, among other things, receiverships, secured obligations, and the impact of such matters on chapter 11 Plans. A copy of Baum's curriculum vitae attached as Exhibit "1". There are no arrangements between Baum and any other entity for the sharing of compensation received or to be received in connection with this case.

Baum and any personnel who become affiliated with him (after approval by the court) who will work on this bankruptcy case are familiar with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules. Attorney will comply with the Bankruptcy Code and all applicable Rules in this bankruptcy case.

E. Attorney is Disinterested.

As of the date of this Application, to the best of Attorney's knowledge and after consideration of the disclosures in the attached to the Statement, Attorney believes that he is a disinterested person as that term is defined in 11 USC § 101(14), and he is not connected with the debtor, its creditors, any other party in interest other than Debtor's affiliate Hoplite, Inc. for which he is general bankruptcy counsel, their respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of the Court or any relation to the United States Trustee in this district, or any person employed at the Court or the Office of the United States Trustee, nor does the Firm or its attorneys represent or hold an adverse interest with respect to the debtor, any creditor, or to this estate. Prior to being contacted on or about March 25, 2021 to represent the Debtor in this case, Attorney had no contact of

any kind with Debtor, its principals, its shareholders or any of their principals, except Pedro Ferre, a director of the Debtor. Mr Ferre was tangentially involved in a Chapter 13 case and adversary proceeding handled by Baum which concluded in 2015. Contact between them was sporadic and infrequent.

F. Attorney's Compensation.

Attorney will seek interim compensation on the procedure authorized by the US Trustee and this court from the pre-petition retainer. Thereafter, he will seek court approval of his fee application(s) and expected to be paid from the income of the estate. Hence, a request is made that the court authorize monthly draws upon the advance retainer paid by the Debtor and maintained in trust by Attorney, all in accordance with LBR 2016-1(b) with the use of he Professional Fee Statement described in the US Trustee's Guides.

The Debtor expects that Attorney's compensation will be based upon a combination of factors including, without limitation, his customary fees charged to clients who pay Attorneys monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by its work in this bankruptcy case.

There is a written employment agreement between the Debtor and Baum is attached as Exhibit 2. The only source of payment of compensation for Baum will be from this estate, as may be approved and ordered paid by the Court after notice and hearing.

**WHEREFORE**, Applicant prays the Court to enter its order authorizing it to employ Richard T. Baum as its general counsel, effective as of March 30, 2021 as an administrative expense in this bankruptcy case, and for such other and further relief as

may be determined just and proper.

DATED: April 13, 2021

HOPLITE ENTERTAINMENT, INC.

JON SMITH, President

LAW OFFICES OF RICHARD T. BAUM

/s/ Richard T. Baum

By RICHARD T. BAUM, Proposed Attorney for Debtor-in-Possession HOPLITE ENTERTAINMENT, INC.

**DECLARATION OF RICHARD T. BAUM**

I, RICHARD T. BAUM, declare:

1. I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States Courts for the Central District of California. I have personal knowledge of the facts set forth herein and I could testify competently thereto. I seek to be approved as general bankruptcy attorney for the Debtor-in-Possession in this Chapter 11 case.

2. I submit this Declaration in support of the accompanying application (the "Application") of the Debtor HOPLITE ENTERTAINMENT, INC. (the "Debtor") for an order authorizing my employment as counsel to the Debtor effective as of March 30, 2021 and in order to provide certain disclosures under Bankruptcy Code sections 504 and 1107, Federal Rules of Bankruptcy Procedure 2014 and 5002, and Local Bankruptcy Rule 2014-1(b). In support of this Application I attach my Curriculum Vitae as Exhibit 1.

3. I have read and am fully familiar with the Bankruptcy Code, the Federal Bankruptcy Rules, and the Local Bankruptcy Rules of this Court and I am sufficiently competent to handle whatever might foreseeably be expected of the Debtor's counsel in this matter.

4. Insofar as I have been able to ascertain, except as described herein, I am a disinterested party within the meaning of Bankruptcy Code section 101(14) and have no interest adverse to, and no connections with the Debtor, the Debtor's Estate, its creditors, or any other party-in-interest herein or their respective attorneys and accountants with respect to matters for which I am to be engaged. I have not represented the Debtor, its principals, members or any of their affiliates in any capacity prior to the date of my retention by the Debtor on March 30, 2021, except that I also

represent an affiliate of the Debtor Hoplite Entertainment, Inc. in a Chapter 11 case file on the same day as this Debtor's case. I was first contacted by the Debtor's principal, Jon Smith on March 25, 2021, and I had no contact with him or his affiliates prior to that date, except Pedro Ferre, a director of the Debtor. Mr Ferre was tangentially involved in a Chapter 13 case and adversary proceeding handled by me which concluded in 2015. Contact between us was sporadic and infrequent.

5. I conducted a conflicts check with regard to the Debtor and its creditors. Based upon my memory of parties I have represented over the years, as well as review of the lists of files which I have opened and closed, I conclude that no disqualifying conflicts exist between me and any party involved in this case. Those instances in which potential conflicts arise are set forth in the Statement of Disinterestedness attached hereto.

6. My hourly rate for bankruptcy cases is $450.00 which is the amount which I propose to charge the Estate herein. At present, there are no associate attorneys in my office. It is my policy to charge my clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier and other charges, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, computerized research and transcription costs. I will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to my other clients. I believe that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. I will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and Orders of this Court. Expenses will be subject to reimbursement at cost.

7. I received a pre-petition retainer of $20,000.00 for fees to be incurred pre-petition and once the bankruptcy starts, plus $1,738.00 to reimburse me for the

filing fee. Of that amount, $1,395.00 earned pre-petition. Prior to receipt of the retainer, the Debtor and I entered into a Retainer Agreement concerning my employment by the Debtor in this case. A true copy is attached as Exhibit 2. I received a check for the retainer.

8. Based upon the information available to me, and except as otherwise described herein, I hold no interest adverse to the Debtor, the Debtor's Estate or its creditors as to the matters in which it is to be employed other than the representation of the Debtor. I believe that I am a "disinterested person" as defined in Bankruptcy Code section 101(14). I know of no reason why I cannot act as attorney for the Debtor. The foregoing constitutes my statement pursuant to Bankruptcy Code section 1107, Federal Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1. I do not intend to represent any of the members of the Debtor, nor any of the principals of those members.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th day of April 2021, at Los Angeles, California.

/s/ Richard T. Baum

RICHARD T. BAUM

# EXHIBIT 1

**RICHARD T. BAUM**
**11500 West Olympic Boulevard**
**Suite 400**
**Los Angeles, CA 90064-1525**

**Tel: (310) 277-2040 * Fax: (310) 286-9525**

# CURRICULUM VITAE

## PROFESSIONAL HISTORY

Sole practitioner, 1979 through present

## PROFESSIONAL ASSOCIATIONS

State Bar of California, 1978
State Bar of New York, 1979
American Bankruptcy Institute
American Society of International Law
Admitted to practice pro haec vice in Bankruptcy and District Courts in
Maryland, Mississippi, Michigan, and Texas

## AREAS OF CONCENTRATION AND EXPERTISE

Bankruptcy: Representation of more than 200 Chapter 7 Debtors,
and more than 20 Chapter 11 Debtors.
Representation of Creditors in all Chapters of Bankruptcy for 30 years.
Representation of Debtors, Creditors and Third Parties in Adversary Proceedings
General Civil Litigation with an emphasis on
Debtor-Creditor, Business, Real Property

## EDUCATION

University of Cambridge, Fitzwilliam College,
Master of Law (Cantab.) - International Law, 1978

Southwestern University School of Law
Juris Doctor cum Laude, 1977

University of California at Los Angeles
Bachelor of Arts - Art History, 1974

## LEADERSHIP

President, UCLA Art Council, 1992-1994
President, Executive LeTip of West Los Angeles, 2006 -2008
Chair, Ethnic Arts Council, 2017 - present

## PUBLISHED CASES

In re Cedano, 470 BR 572, 2012 WL 1191860 (Bankr 9th Cir April 2012)
Brown v McAdoo, 196 Cal App 3d Supp. 20 (1987)

# EXHIBIT 2

Law Offices of
**RICHARD T. BAUM**
11500 West Olympic Boulevard
Suite 400
Los Angeles, California 90064

Tel: (310) 277-2040 * Fax: (310) 286-9525

## RETAINER AGREEMENT

I

### PARTIES TO THIS AGREEMENT

Clients: HOPLITE ENTERTAINMENT, INC

Attorney: RICHARD T. BAUM

II

### SUBJECT OF EMPLOYMENT

The parties to this Agreement hereby agree that Richard T. Baum (the "attorney") shall be employed and shall represent HOPLITE ENTERTAINMENT, INC. ("client") in connection with the filing and prosecution of a Chapter 11 Bankruptcy case by and for it. Unless the parties agree to a different arrangement, this agreement will control all subsequent representation of client by attorney, and a separate agreement in writing executed by the parties is not required for any services beyond the scope of this Agreement.

III

### STATEMENTS, ADVISEMENTS AND ACKNOWLEDGMENTS RE: ATTORNEY FEES

Initial: ____ CLIENT ACKNOWLEDGES THAT THE HOURLY FEE RATE SET FORTH HEREIN HAS BEEN EXPLAINED TO CLIENT AND AGREED UPON. CLIENT UNDERSTANDS THAT SUCH RATE IS NOT SET BY LAW BUT IS NEGOTIABLE BETWEEN ATTORNEY AND CLIENT.

IV

**ATTORNEY'S FEE ARRANGEMENTS**

Client shall pay attorney at the rate of $450.00 per hour for all work and services which he renders and pay at the rates set forth hereinbelow for associate, paralegal and law clerk services rendered. Attorney may hire one or more associate attorneys to assist in the case, whose fees will be charged in accordance with this agreement. Client will pay attorney those fees and costs advanced in compliance with this agreement.

V

**COSTS AND OTHER EXPENSES**

The attorney, in his discretion, may employ any investigators and expert witnesses and may advance or incur any costs or expenses as he deems advisable. Such costs may include, but are not limited to, court fees and charges, transportation, lodging when necessary, interpreters, transcribers, photocopying costs, postage costs and deposition charges. These charges are deemed costs of this proceeding; such costs may be paid by client to attorney out of any retainer paid as set forth in Paragraph VI herein or directly from any retainer balance. A schedule of fees and costs is attached hereto.

VI

**ADVANCE RETAINERS**

At the time of the execution of this agreement, an advance retainer in the amount of $21,738.00 is required to be deposited by client with attorney. Of the retainer, $1,738.00 is designated for payment of the Chapter 11 filing fees. Attorney shall track his time on these matters, and to the extent that the time charges exceed the amount of the retainer, he may seek approval of compensation from the Court and receive compensation from the client. The balance of the retainer shall be designated as related to the compensation for services rendered in connection with Debtor-in-Possession duties. Attorney may transfer to himself that compensation for those duties rendered prior to the filing of the Petition. The balance shall be held by the attorney and shall be distributed in accordance with the rules and procedures governing pre-petition retainers as are set by the Bankruptcy Court and the United States Trustee.

Attorney shall hold any such retainer in his clients' trust account until authorized to draw upon the retainer after compliance with the rules of the Bankruptcy Court and the United States Trustee, and after delivery of a statement of time, charges and expenses to client.

**VII**

**ASSOCIATION OF ATTORNEYS**

Client authorizes attorney to associate any other attorney(s) at attorney's discretion, but that attorney's rate shall be no higher than as set forth under this Agreement. Attorney may associate another attorney to assist him in the performance of duties in this case.

**VIII**

**SUBSTITUTION OR DISCHARGE OF ATTORNEY AND LIEN ON RECOVERY**

Attorney reserves the right to withdraw from any matter for good cause at any time on twenty (20) days' notice to client and upon approval by the Court. Any unpaid fees and costs shall be immediately due and payable.

If client or attorney requests a substitution of attorney, client agrees to pay attorney for all fees owing and costs advanced and expenses paid or incurred by attorney, which sum must be paid prior to or simultaneously with attorney's execution of the Substitution of Attorney form. Client hereby grants attorney a lien for services rendered in the amount of any unpaid portion of fees and costs upon any money or property of client. Delivery of a copy of this Agreement to client's new counsel shall be sufficient to perfect attorney's claim of lien.

Should it be necessary to institute legal proceedings against the client for collection of all or any part of these fees, costs or advances, client agrees to pay all the costs of collection and suit, including reasonable attorney fees incurred as a result thereof. Any claim brought by client against attorney or by attorney against client shall be brought pursuant to binding arbitration in Los Angeles County, State of California.

**IX**

**AUTHORIZATION TO ACT**

Client acknowledges, agrees and authorizes attorney to execute all documents on behalf of client to effect preparation and conclusion of any matter. Client agrees that attorney may sign on behalf of client all pleadings, proofs of claim, settlements, compromises, releases and dismissals in place of client. Attorney is not authorized under this Agreement to execute on client's behalf any check, draft or negotiable instrument, but may do so upon receipt of written authorization to do so prior to such execution.

X

**MANDATORY ARBITRATION**

_______________(Initial)

The parties expressly declare it is their intent to avoid the cost and time involved in litigating any dispute(s) they may have in court, and they intend this agreement to arbitrate be given the broadest possible legal effect. Except as otherwise set forth herein, Client and Attorney each give up any rights each might possess to have those matters litigated in a court or jury trial and appeal except to the extent that they are specifically provided for under this Agreement or provided for under the Rules governing arbitrations as to a court of competent jurisdiction shall compel arbitration hereunder upon application made therefore. The Los Angeles Superior Court has jurisdiction to compel arbitration hereunder. Attached hereto is an addendum setting forth the terms which govern the arbitration agreement of the parties.

XI

READ AND REVIEWED AGREEMENT

Client acknowledges that this Agreement has been read, reviewed and negotiated by its authorized member and counsel of its choice and that client understands the Agreement and voluntarily enters into the Agreement.

Client acknowledges a duplicate signed copy of the Agreement has been received.

Dated: March 27, 2021

HOPLITE ENTERTAINMENT, INC.

JON SMITH

Dated: March 27, 2021

RICHARD T. BAUM ("Attorney")

## RATE SCHEDULE

### A. Identification

Client: HOPLITE ENTERTAINMENT, INC.

Matter: Chapter 11 Bankruptcy case

### B. Hourly rates for legal personnel

| | |
|---|---|
| Attorney | $450.00 |
| Senior Associates | up to $450.00 |
| Junior Associates | $350.00 |
| Paralegals | $200.00 |
| Law Clerks | $125.00 |

### C. Standard charges

Time is charged in minimum units of .1 hours

### D. Costs and expenses

| | |
|---|---|
| In-office photocopying | $ .10/page |
| Mileage | .32/mile |
| Computerized research | at cost |
| Outside word processing | at cost |
| Other computer time | at cost |
| Fax | at cost |
| Messenger | at cost |
| Long distance telephone | at cost |
| Postage | at cost |
| FedEx or other express mail | at cost |
| Investigators, Court Reporters | at cost |

### E. Subject to change

The rates on this schedule are subject to change on 30 days' written notice. If you decline to pay any increased rates, I will have the right to withdraw as your lawyer.

**TERMS GOVERNING ARBITRATION**

Client and Attorney agree that the following terms shall govern any arbitration between them:

a. Claims except for fees and costs. Except for claims pertaining to fees and costs (as those terms are used in Bus. & Prof. C.§ 6200 et seq, sometimes hereafter the MFAA or the Mandatory Fee Arbitration Act) every claim or dispute between or among the Attorney or Client or both arising from or relating in any way to this Agreement or to services rendered to the Client or otherwise whether in contract or tort, whether for money damages, equitable relief, or penalties, fees, costs or sanctions, including claims regarding the applicability of this Arbitration provision, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by arbitration in Los Angeles, before a sole arbitrator, in accordance with the laws of the State of California for agreements made in and to be performed in that State, except however, that no party is entitled to conduct discovery (as that term is used in the Civil Discovery Act and is used in such other places in the laws of this state); the prohibition against discovery herein is intended by the parties hereto to be broadly construed as is legally permissible. The arbitration shall take place in Los Angeles and be administered by Alternative Resolution Centers, Los Angeles, (sometimes hereinafter 'ARC') under such rules and procedures ARC then has in effect and as set by the Arbitrator. If for any reason ARC cannot or will not administer all or any part of the arbitration, the arbitration shall be administered by JAMS pursuant to its Streamlined Arbitration Rules and Procedures. Judgment on the Award may be entered in any court having jurisdiction. Regardless of the rules of the person or entity administering any arbitration hereunder, all parties completely surrender the all rights to conduct any discovery of any kind (including but not limited to depositions) as provided for in CCP Secs. 1282 - 1284.2. However, subpoenae requiring the attendance of witnesses, and subpoenae duces tecum for the production of books, records, documents and other evidence, at an arbitration proceeding but not for any other purpose, shall be issued upon the request of a party as provided is CCP Secs. 1281-1284.2.

b. Claims pertaining to fees and costs. Attorneys' fees and costs are finally approved by the Bankruptcy Court, and the parties cannot, by their agreement, alter that procedure. Therefore, each party may undertake such actions as they see fit to obtain an award of fees and costs, or to oppose or seek to limit those awards. The failure to respond to any interim application shall not prejudice the ability to respond to a final application filed with the Bankruptcy Court. Either party may obtain such orders and/or judgments of the Bankruptcy Court with respect to any award of fees and costs.

c. Self-executing agreement This Agreement is self-executing in that either party may invoke the other party's obligation to arbitrate by serving notice of the demand for arbitration. Notice to the attorney shall be accomplished in the same manner as the service of a summons. Notice to any client in or outside of California shall be

accomplished by registered or certified mail at such address as the attorney has for the client at the time of mailing. Objection by any or all Clients to the arbitration or the conduct of the arbitration may only be made by an order enjoining arbitration or the conduct of arbitration; attorney's objection to the arbitration or the conduct of the arbitration is made by service of notice to the arbitrator and the client by first class mail. Upon petition the Los Angeles Superior Court shall confirm the arbitrator's award notwithstanding the non-participating party/parties refusal or failure to participate, if any, in the Arbitration.

d. Allocation of fees and costs - arbitration. The arbitrator shall, in the Award, allocate all of the costs of the arbitration (and the mediation, if applicable), including the fees of the arbitrator, against the party who did not prevail, except however, costs does not include attorneys' fees.

Dated: March 27, 2021

HOPLITE ENTERTAINMENT, INC.

JON SMITH

Dated: March 27, 2021

RICHARD T. BAUM ("Attorney")

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525.

A true and correct copy of the foregoing document described as NOTICE OF APPLICATION AND APPLICATION OF DEBTOR-IN-POSSESSION HOPLITE ENTERTAINMENT, INC.TO APPROVE EMPLOYMENT OF RICHARD T. BAUM AS COUNSEL FOR THE DEBTOR-IN-POSSESSION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Tanya Behnam tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
Luke N Eaton eatonl@pepperlaw.com
David M. Guess guessd@gtlaw.com
Andrew W. Levin (TR) andy@levindrs.com, alevin@ecf.axosfs.com
Kelly L Morrison kelly.l.morrison@usdoj.gov
Aditi Paranjpye aparanjpye@cairncross.com, gglosser@cairncross.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Hatty K Yip hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

☐ Service information continued on attached page

II. SERVED BY U.S. MAIL)**:**
On April 13, 2021 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

▣ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 13, 2021 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2021 | RICHARD T. BAUM | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
December 2012 F 9013-3.1

**In re HOPLITE ENTERTAINMENT, INC.**

*2:21-bk-12546 ER*

Mailing List

TROUTMAN PEPPER HAMILTON SANDERS LLP
Attn: Harris B. Winsberg
Attn: Alexandra S. Peurach
Attn: Nathan T. DeLoatch
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308

TROUTMAN PEPPER HAMILTON SANDERS LLP
Attn: Luke N. Eaton
Two California Plaza
350 S. Grand Avenue
Suite 3400
Los Angeles, CA 90071

Aditi N. Paranjpye
Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

Ari Newman
GREENBERG TRAURIG, P.A.
333 S.E. 2nd Avenue Ste 4400
Miami, FL 33131